IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS, LUFKIN DIVISION

| | |
|---|---|
| BURNS, MORRIS & STEWART LIMITED PARTNERSHIP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASONITE INTERNATIONAL CORPORATION and MASONITE ENTRY DOOR CORPORATION )<br>Defendants. ) | Civil Action No.: 4:CV00168-RHC<br><br>Judge Clark |

### ANSWER AND COUNTERCLAIMS
### OF MASONITE INTERNATIONAL CORPORATION

Defendant Masonite International Corporation ("MIC") hereby answers the Complaint And Jury Demand filed herein by Burns, Morris & Stewart Limited Partnership ("BMS"). To the extent BMS asserts that any particular averment in any particular paragraph has not been responded to, the same is respectfully denied. As to each number paragraph, MIC answers as follows:

1. MIC lacks information sufficient to form a belief as to the averments of Paragraph 1 and respectfully denies it.

2. Admit.

3. Admit.

4. Admit.

5. Denied.

6. Denied.

7. MIC lacks information sufficient to form a belief as to the averments of Paragraph 1 and respectfully denies it.

1

8. MIC admits that the '209 patent states on its face that it was filed April 22, 1997, that it was issued February 23, 1999, and that a copy was appended as Exhibit A. MIC otherwise denies the averments of Paragraph 7.

9. MIC admits that the '209 patent indicates that it was a continuation of United States Patent No. 5,661,943 but MIC otherwise denies the averments of Paragraph 9.

10. MIC admits that the '391 patent states on its face that it was filed August 6, 1998, that it was issued September 14, 1999, and that a copy was appended as Exhibit B. MIC otherwise denies the averments of Paragraph 10.

11. MIC admits that the '391 patent indicates that it was a continuation of the '209 patent but MIC otherwise denies the averments of Paragraph 9.

12. No response necessary.

13. Admit.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim for which relief may be granted.

2. The '209 and '391 patents were not issued in compliance with Title 35 and the rules and regulations of the Patent and Trademark Office.

## **COUNTERCLAIMS**

### Parties and Jurisdiction

1. MIC, plaintiff on the counterclaims, is a corporation of Ontario, Canada having its principal place of business at 1600 Britannia Road East, Mississauga, Ontario, Canada, L4W 1J2.

2. Upon information and belief, BMS, defendant on the counterclaims, is a limited partnership of Texas having its principal place of business at 1124 Bennett Clark, Nacogdoches, Texas 75961, within the district.

3. This Court has subject matter jurisdiction under 28 U.S. C. §§ 1331 and 1338 because the subject matter in part concerns allegations of patent infringement, and under 15 U.S.C. §2. The Counts involve a common nucleus of operative facts.

4. Venue is proper under 28 U.S. C. §1391(b) and under 28 U.S. C. § 1400, because BMS, the counterclaim defendant, is resident within this district and because the cause of action arises under an Act of Congress relating to patents and BMS is plaintiff in the Complaint herein.

5. Personal jurisdiction is proper in this judicial district because BMS, the counterclaim defendant, is resident and doing business in this district, and BMS is plaintiff in the Complaint herein.

6. There is a substantial and continuing justiciable controversy between MIC and BMS as to MIC's right to continue to sell the products accused by BMS of infringing the suit patents.

## COUNT 1

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7. MIC repeats and realleges the averments of paragraphs 1-6 of the counterclaim as if set forth herein.

8. MIC has not infringed directly, indirectly or contributorily, is not now infringing directly, indirectly or contributorily, and has not induced or caused any third party to infringe any claim of the '209 patent.

9. MIC has not infringed directly, indirectly or contributorily, is not now infringing directly, indirectly or contributorily, and has not induced or caused any third party to infringe any claim of the '391 patent.

## COUNT 2
## DECLARATORY JUDGMENT OF INVALIDITY

10. MIC repeats and realleges the averments of paragraphs 1-6 of the counterclaim as if set forth herein.

11. No claim of the '209 patent is valid under Title 35 of the United States Code.

12. No claim of the '391 patent is valid under Title 35 of the United States Code.

## COUNT 3

## DECLARATRY JUDGMENT OF ANTI-TRUST VIOLATION

## ON ACCOUNT OF PATENT MISUSE

13. MIC repeats and realleges the averments of paragraphs 1-6 of the counterclaim as if set forth herein.

14. MIC and others have provided to BMS prior patents and printed publications that are prior art to the '209 patent and the '391 patent.

15. BMS is aware of UK Patent Application GB 2 112 437 A ("the British Patent Application").

16. The British Patent Application is prior art to the '209 patent.

17. The British Patent Application is prior art to the '391 patent.

18. The examiner examining the application resulting in the '209 patent did not consider the British Patent Application.

19. The examiner examining the application resulting in the '391 patent did not consider the British Patent Application.

20. BMS is aware that the British Patent Application invalidates any claim of the '209 patent and the '391 patent that MIC allegedly infringes.

21. BMS has pending US patent application number 10/238,445.

22. US patent application number 10/238,445 is related to the '209 patent and the '391 patent pursuant to 35 USC § 120.

23. The British Patent Application was cited to the examiner examining US patent application number 10/238,445.

24. The examiner has rejected the claims of US patent application number 10/238,445 in view of the British Patent Application.

25. BMS has enforced and attempted to enforce the '209 patent knowing that any claim allegedly infringed by MIC is invalid.

26. BMS has enforced and attempted to enforce the '391 patent knowing that any claim allegedly infringed by MIC is invalid.

27. BMS' enforcement and attempted enforcement of the '209 patent and the '391 patent has lessened competition in the market for door frames having rot resistance.

28. MIC has suffered anti-trust damages on account of BMS' enforcement and threatened enforcement of the '209 patent and the '391 patent.

29. BMS has attempted to monopolize the market for door frames having rot resistance.

## PRAYER FOR RELIEF

WHEREFORE, MIC respectfully requests relief and judgment against BMS as follows and prays that this Court:

A. Dismiss BMS' Complaint with prejudice;

B. Declare that MIC has not infringed, is not now infringing, and has not induced or caused others to infringe any claim of the '209 patent;

C. Declare that the claims of the '209 patent are invalid under the laws of the United States;

D. Declare that MIC has not infringed, is not now infringing, and has not induced or caused others to infringe any claim of the '391 patent;

E. Declare that the claims of the '391 patent are invalid under the laws of the United States;

F. Adjudge this action as an exceptional case under 35 U.S.C. § 285 and award MIC its reasonable attorneys' fees;

G. Declare that BMS has misused the '209 patent in violation of the anti-trust laws;

H. Declare that BMS has misused the '391 patent in violation of the anti-trust laws;

I. Award MIC damages on account of BMS' misuse of the '209 and '391 patents, and that those damages be trebled;

J. Award MIC its costs incurred in this action; and

K. Grant MIC such other and further relief as justice requires.

Respectfully submitted

Dated:

*Daniel V. Flatten*
Counsel for Defendant Masonite International Corporation
Daniel V. Flatten
Jenkens & Gilchrist
Suite 2700
5 Houston Center
1401 McKinney
Houston, Texas 77010
(713) 951-3300
(713) 951-3394 [Fax]
dflatten@jenkens.com
SDOT 07/13000
USDCEDTx 2506

Joseph W. Berenato, III
Liniak, Berenato & White, LLC
Suite 240
6550 Rock Spring Drive
Bethesda, Maryland 20817
(301) 896-0600
(301) 896-0607 [Fax]
jberenato@lblw.com

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer and Counterclaims of Masonite International Corporation was served by certified mail, on this 21 day of March, 2005, upon:

Jeffrey S. Standley
F. Michael Speed
Standley Law Group LLP
Suite 210
495 Metro Place South
Dublin, OH 43017
*Certified Mail, RRR 7004 0550 0001 4318 8240*

Steve Roper
Zeleskey, Cornelius, Hallmark, Roper & Hicks, LLP
1616 South Chestnut Street
P.O. Drawer 1728
Lufkin, Texas 75902-1728
*Certified Mail, RRR 7004 0550 0001 4318 8257*

Claude E. Welch
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, Texas 75902-1574
*Certified Mail, RRR 7004 0550 0001 4318 8264*

_____
Daniel V. Flatten